UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JOSEPH SANTIAGO,

                              Petitioner,

                                                            Case No. 19-CV-6529-FPG

v.

SUPERINTENDENT MICHAEL SHEAHAN,          ORDER

                              Respondent.
───────────────────────────────────────

      On April 22, 2020, this Court denied Petitioner's habeas petition. ECF No. 17. Judgment was entered shortly thereafter. ECF No. 18. On May 29, 2020, Petitioner filed a notice of appeal. ECF No. 19. Appended to the notice of appeal is a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b). *See id.* at 2-4; ECF No. 21. Petitioner claims that, before the Court issued its Decision & Order denying the petition, he sent a letter requesting a stay of the proceedings. *See* ECF No. 19 at 5-7 (copy of letter). The purpose of the request was to allow him to file a challenge to his conviction under New York Criminal Procedure Law § 440.10. *Id.* at 5. Petitioner contends that the judgment should be vacated because the Court failed to rule on his stay request.

      The Court notes that it did not receive a copy of the stay request until Petitioner filed his motion to vacate. Regardless, Petitioner's motion is DENIED. Assuming *arguendo* that these circumstances could fit within one of the grounds listed in Rule 60(b), the Court is not persuaded that a stay is (or would have been) appropriate here. "A district court should stay a habeas petition only if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics." *Olsen v. Doldo*, No. 16-CV-5366, 2020 WL 685707, at *17 (S.D.N.Y. Jan. 2, 2020) (internal quotation marks omitted).

Here, Petitioner does not offer any explanation for his failure to pursue his new claims earlier, let alone one amounting to good cause. He simply states that, after filing the present petition, he retained an attorney to "explor[e] the prospect of filing a CPL § 440.10 motion on [his] behalf." ECF No. 19 at 5. He does not explain why he waited until after filing his petition to investigate that relief or why he waited until his reply was due to seek a stay in this Court; nor does he describe the specifics of his proposed claims. Under these circumstances, a stay is not (and would not have been) appropriate. *See Miller v. Graham*, No. 16-CV-687, 2019 WL 1506969, at *4 (W.D.N.Y. Apr. 5, 2019) (denying request for stay where petitioner gave "no good reason for not pursuing [a 440.10 motion] before coming to this Court"); *Murray v. Cunningham*, No. 19-CV-767, 2019 WL 4279287, at *4 (E.D.N.Y. Sept. 10, 2019) (stating that "[c]ourts have found that the good cause standard is not satisfied where the request is unexplained and unsupported").

Petitioner's motion to vacate (ECF No. 21) is DENIED. The Clerk of Court is directed to send a copy of this Order to the Second Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: June 17, 2020
      Rochester, New York

                                                      HON. FRANK P. GERACI, JR.
                                                      Chief Judge
                                                      United States District Court